IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-00105-M

| | | |
|---|---|---|
| PHILLIP MINCHEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW SAUL, *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's petitions seeking attorney fees pursuant to 28 U.S.C. § 2412(d) of the Equal Access to Justice Act (the "EAJA") [DE-33; DE-34] and the Defendant's stipulation for the payment of attorney fees pursuant to the EAJA [DE-36]. In both of Plaintiff's petitions he seek $2,722.50 for attorney work performed while the Defendant's stipulation notes that $2,500 represents the appropriate amount.

28 U.S.C. § 2412(d)(1)(A) sets forth as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The Supreme Court has interpreted 28 U.S.C. § 2412(d)(1)(A) eligibility as requiring satisfaction of four elements:

1

(1) that the claimant be a "prevailing party";

(2) that the Government's position was not "substantially justified";

(3) that no "special circumstances make an award unjust"; and,

(4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Commissioner v. Jean*, 496 U.S. 154, 158 (1990).

The court will address these elements in reverse order. Regarding the fourth element, Plaintiff's original fee petition was timely filed and supported by an itemized statement of how Plaintiff's attorney spent his time, so that element is satisfied. Regarding the third element, the court discerns no special circumstances that would make an EAJA award unjust, so that element is satisfied as well. Regarding the second element, Plaintiff argues that Defendant's position in denying him disability benefits under the Social Security Act was not "substantially justified[,]" and invokes binding precedent standing for the proposition that the burden of persuasion on the substantial-justification issue lies with the Government. DE-33 ¶ 5; DE-34 ¶ 5 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). By stipulating and declining to object to an award of attorney fees, Defendant has failed to meet its burden, and the court accordingly concludes that the second element is satisfied, too. Finally, the court finds that the Plaintiff is the "prevailing party" in this litigation, by virtue of securing a reversal and remand of his case to the Commissioner for further administrative proceedings pursuant to sentence for of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (holding that in social security appellate litigation, a party obtaining a sentence four remand order pursuant to § 405 from a denial of benefits satisfies the prevailing party threshold); *see also Hyatt v. Heckler*, 807 F.2d 376, 381 (4th Cir. 1986) ("[T]here now can be no doubt that the claimants are the prevailing parties . . . [because] the claimants have achieved their principal goal of reconsideration of their claims."). The court therefore concludes

2

that all of elements set forth within *Jean* have been satisfied, and that Plaintiff is eligible for an award under the EAJA.

The final question remaining is what amount of fees should be awarded. 28 U.S.C. § 2412(d)(2)(A) sets forth that attorney's fees awarded pursuant to the EAJA must be (1) "reasonable" and (2) "based upon prevailing market rates for the kind and quality of the services furnished," and (3) "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Plaintiff requests $2,722.50, representing 12.1 hours of attorney work performed multiplied by an hourly rate of $225 [DE-33-1; DE-34-1]. By contrast, the Defendant only stipulates to an award of $2,500 [DE-36]. Importantly, Plaintiff's petitions are silent regarding prevailing market rates, cost of living, or any special factors justifying a fee in excess of the $125-per-hour statutory cap set by Congress. The court therefore sees no reason to conclude that an hourly fee exceeding $125 is justified here.

Accordingly, the court AWARDS Plaintiff $1,512.50, representing 12.1 hours of attorney work at $125 per hour. The court FINDS this award to be reasonable within the meaning of 28 U.S.C. § 2412(d)(2)(A). Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010), EAJA fees awarded by this court belong to the litigant, thus subjecting EAJA fee awards to any debt that the Plaintiff may owe to the federal government. The court accordingly DIRECTS Defendant to make the check payable to the Plaintiff and to deliver the check to the office of Plaintiff's counsel after subtracting the amount of Plaintiff's outstanding federal debt.

Should Plaintiff prevail upon remand and seek attorney's fees under 42 U.S.C. § 406(b), the court will address Plaintiff's timely application at that time, along with any opposition that the Government may make thereto.

SO ORDERED this the 17TH day of March, 2021.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE